UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Lisa M. Berry,

                              Plaintiff,

    -v.-                                        6:06-CV-00849
                                                        (NPM-GJD)

Ambulance Service of Fulton County,
Inc.; and Howard W. Hime, Jr., individually
and as an employee of Ambulance Service
of Fulton County, Inc.,

                              Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Attorneys for Plaintiffs: | |
| DELORENZO LAW FIRM, LLP<br>201 Nott Terrace<br>Schenectady, NY 12307 | THOMAS E. DELORENZO |
| Attorneys for Defendants: | |
| CARTER, CONBOY, CASE,<br> BLACKMORE, MALONEY &<br> LAIRD, P.C.<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 | LOUIS U. GASPARINI |

Neal P. McCurn, Senior District Judge

## MEMORANDUM-DECISION and ORDER

### I. Introduction

    This action arises out of what clearly is a long-standing dispute between the

1

parties, beginning with complaints of gender discrimination to the Equal Employment Opportunity Commission (EEOC) in December 2001 and in 2003, and culminating in the filing of the present lawsuit, among others.[1]  In January 2005, plaintiff, Lisa M. Berry (Berry) settled a sexual harassment lawsuit against defendant, Ambulance Service of Fulton County, Inc. (Ambulance Service) after a five-day jury trial, including a verdict.[2]  See Berry v. Ambulance Service of Fulton County, Inc., No. 5:03-cv-00933, Dkt. Nos. 40-45 (N.D.N.Y. Hurd, D.J.).  By the present action, filed in July 2006, Berry claims that defendants Ambulance Service and Howard W. Hime, Jr. (Hime), her employer and supervisor, respectively, retaliated against her for filing the aforementioned lawsuit by filing criminal charges against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law §§ 296 and 297 ("NYHRL").

By this pre-answer, pre-discovery motion, defendants seek dismissal of the entire complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.  Specifically, Hime seeks dismissal of the Title VII action against him

---

[1] In November 2005, Berry filed a Section 1983 false arrest action in this court against Hime, as well as against the City of Gloversville; Anthony V. Clay, a Gloversville police officer, and Jonathan Becker, an employee of Ambulance Service.  That action is now closed, the City, Officer Clay and Hime having been dismissed by stipulation, and the court granting summary judgment as to Becker in an October 2006 summary order.  See 6:05-cv-01407 (Hurd, D.J.).  Apparently, an additional lawsuit has been filed by Berry against Ambulance Service in New York State Supreme Court, County of Fulton for unlawful termination.  See Ex. D to Aff. of Louis U. Gasparini, Aug. 7, 2006 ("Gasparini Aff."), Dkt. No. 5.  The disposition of that action is unknown to the court.

[2] "[D]ue to procedural irregularities with the verdict ballot, a post verdict confidential settlement was arrived at between [Berry] and [Ambulance Service]." Statement of Material Facts, ¶ 11, Dkt. No. 6.

for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Collectively, defendants seek summary judgment as to the remaining causes of action pursuant to Fed. R. Civ. P. 56. The motion has been decided on the papers submitted without oral argument.

## II. Background

The following facts are not in dispute, unless otherwise noted.

By the time of the filing of the present motion, Berry had been employed by Ambulance Service for more than ten years. In July 2003, Berry initiated the aforementioned sexual harassment lawsuit against, inter alia, Ambulance Service. During the jury trial of that action, two Ambulance Service employees testified regarding an alleged burglary of Hime's office by Berry. The case was thereafter settled, the terms thereof having been read into the record before Judge Hurd on January 25, 2005. See Ex. F to Aff. of Louis U. Gasparini, Aug. 7, 2006 ("Gasparini Aff."), Dkt. No. 5. On January 31, 2005, the terms of the settlement were memorialized to writing and executed by plaintiff. See Ex. E to Gasparini Aff. In consideration of a sum of $30,000, Berry essentially released Ambulance Service from all causes of action she "ever had, now ha[s] or hereafter can, shall or may[] have for, upon or by reason of any matter, case or thing whatsoever from the beginning of the world to the day of the date of this release." Id. Further, and with "more particularity" Berry agreed to release Ambulance Service "for any and all claims asserted" in her sexual harassment lawsuit. Id. Accordingly, Judge Hurd dismissed the action on the merits and with prejudice. See Ex. F to Gasparini Aff.

In early January 2005, in preparation for the sexual harassment trial, Hime

3

interviewed several potential witnesses, including Ambulance Service employees Michael Tracy and Jonathan Becker.  During one of the interviews, Tracy informed Hime that he was aware that Berry removed records from Hime's locked office.  Becker informed Hime that he actually observed Berry enter Hime's office through a window.  According to Hime, the first time he or Ambulance Service learned of the break-in by Berry was during these interviews.  See Aff. of Howard W. Hime, Jr., Aug. 7, 2006, ¶ 5, Dkt. No. 5.  In response, Hime filed a criminal complaint against Berry with the Gloversville Police Department on or about January 10, 2005.  See id. ¶ 6.

At trial before Judge Hurd, on January 20, 2005, Tracy testified under oath that he was Berry's former boyfriend.  See Ex. G to Gasparini Aff., 5:22-6:11.  Tracy further testified that Berry possessed certain Ambulance Service personnel records, and that Berry told Tracy that she came to possess those records when she, with the help of Becker, removed an air conditioner from the window in Hime's office, entered the office through the window, and made copies of said records.  See id. at 11:1-5.  Also on January 20, 2005, Becker testified under oath that he helped Berry remove an air conditioner from the window of Hime's office, and that he saw Berry enter the office through the window.  See Ex. H to Gasparini Aff., 11:1-12:19.  Becker further testified that he was scared and therefore did not tell anyone about the break-in at the time it happened, even though he felt it was illegal.  See id. at 19:24-21:16.

On January 28, 2005, a complaint was issued against Berry for the felony charge of burglary in the third degree pursuant to New York State Penal Law, Section 140.20.  See Ex. A to Aff. of Lisa Berry, Sept. 13, 2006, Dkt. No. 13.  As

a result of the criminal charges against her, Berry's riding privileges with Ambulance Service were suspended effective on or about February 28, 2005. See Berry Aff. ¶ 10; Ex. B. In July 2005, a grand jury failed to find an indictment against Berry on the burglary charge. See Berry Aff. Ex. C. Prior to the grand jury session, however, the district attorney added a charge against Berry of misdemeanor criminal trespass pursuant to New York State penal Law section 140.05. See id. However, on June 8, 2005, the misdemeanor charge was dismissed in Gloversville City Court. See id. Despite the absence of criminal charges against Berry and her repeated attempts to contact Ambulance Service regarding same, her employment had not resumed as of the filing of this motion. See Berry Aff. ¶ 18; Ex. D.

Berry, for her part, affirms that she did not remove an air conditioner from Hime's office window, did not enter Hime's locked office through a window, did not break into Hime's office, and did not remove any documents from Hime's office. See Berry Aff.,¶¶ 19-22. In any event, Berry disputes Hime's allegation that defendants first learned of the alleged break-in contemporaneously with the conclusion of her sexual harassment action against Ambulance Service. See id. ¶ 14. In support of same, Berry has submitted an affidavit of former Ambulance Service employee Gary Godfrey, which contains his allegation that certain Ambulance Service personnel records came into his possession when they appeared on the front seat of his car on or before December 2003. See Aff. of Gary Godfrey, Sept. 12, 2006, ¶¶ 3, 5, 8-10, Dkt. No. 14. Godfrey alleges he brought those records to the Gloversville Police Department in December 2003, and shortly thereafter Hime threatened to fire Godfrey if he did not reveal the

5

identity of the person whom gave him the records.  See id. ¶¶ 11-12.  According to Godfrey, shortly after Hime threatened him, Hime's secretary told him "that they pretty much knew that Lisa Berry took the documents and that I was covering for her and that I would end up in jail with Ms. Berry if I didn't tell the truth about where the documents came from."  Id. ¶ 13.

### III.  Discussion

#### A.    Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) (quoting Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir.2005)).  When reviewing a Rule 12(b)(6) motion, this court must accept the allegations of fact in plaintiff's complaint as true, drawing all reasonable inferences in his favor.  See Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd., No. 05-cv-2037,  2007 WL 316572, at *1 (E.D.N.Y. Jan. 30, 2007) (citing Twombly v. Bell Atlantic Corp., 425 F.3d 99, 106 (2d Cir.2005)).

Here, Hime correctly argues, and Berry concedes, that she cannot state a Title VII claim against him because an individual defendant cannot be held personally liable under Title VII.  See Schiano v. Quality Payroll Systems, Inc., 445 F.3d 597, 608 n.8 (2d Cir. 2006) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir.1995), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 753, 118 S.Ct. 2257 (1998)).  Accordingly, Hime's Rule 12(b)(6) motion to dismiss the Title VII claim against him, individually, is

6

granted.  Remaining for disposition regarding the motion for summary judgment, therefore, is a NYHRL retaliation claim against both defendants, and a Title VII retaliation claim against Ambulance Service.

**B.     Summary Judgment**

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Jeffreys v. City of New York,  426 F.3d 549, 553 (2d Cir. 2005).  "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law[]' [and] [a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Jeffreys, 426 F.3d at 553 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986)).  When deciding whether to grant a motion for summary judgment, "a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." See Baisch v. Gallina, 346 F.3d 366, 372 (2d Cir. 2003), citing Anderson, 477 U.S. at 255.  While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), citing Fed. R. Civ. P. 56(c), by a showing sufficient to establish the existence of every element essential to the party's case, and on

7

which that party will bear the burden of proof at trial.  See Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 124 S.Ct. 540 (2003).

In support of their motion for summary judgment, defendants argue that plaintiff cannot establish a prima facie case of retaliation, and in any event, that she released Ambulance Service and its employees from liability in January 2005 when she signed the general release in settlement of her sexual harassment lawsuit.  The court will address these arguments *seriatum*.

Berry's Title VII and NYHRL retaliation claims will be dealt with in tandem, as they are analyzed under the same statutory framework.  See Abreu v. Suffolk County Police Dept., No. 03-CV-5927, 2007 WL 608331, at *7 (E.D.N.Y. Feb. 23, 2007) (citing Leopold v. Baccarat, Inc., 174 F.3d 261, 264 n. 1 (2d Cir.1999)).  Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  Retaliation claims under Title VII are evaluated pursuant to a three-step burden-shifting analysis, similar to that set forth by the Supreme Court in McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802-805, 93 S.Ct. 1817 (1973) to evaluate disparate treatment claims.  See Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005).  First, the plaintiff bears the burden to establish a prima facie case of retaliation by a production of

> evidence sufficient to permit a rational trier of fact to find [1] that [ ] he engaged in protected participation or opposition under Title VII,

8

> [2] that the employer was aware of this activity, [3] that the employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action.

Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 205 -206 (2d Cir. 2006) (quoting Cifra v. General Elec. Co., 252 F.3d 205, 216 (2d Cir.2001) (internal quotation marks omitted)).  On a summary judgment motion, in deciding whether the plaintiff has met her initial burden, the court must "determine only whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." Jute, 420 F.3d at 173.

Should the plaintiff meet her initial burden, a presumption of retaliation exists.  See id.  In order to overcome this presumption, the burden next shifts to the defendant to "articulate a legitimate, non-retaliatory reason for the adverse employment action."  Id.  If the defendant employer successfully meets its burden, the presumption of retaliation is eliminated and the plaintiff "must show that retaliation was a substantial reason for the adverse employment action" in order to prevail.  Id.

Here, defendants initially argue that Berry cannot establish a prima facie case of retaliation because the criminal charges against her were based on probable cause and were not made in retaliation for her having filed a sexual harassment claim against Ambulance Service.  Berry contends that the timing of the criminal charges alone is enough to establish causation, and therefore, she has established a prima facie case of retaliation.  See Pl.'s Mem. of Law in Opp'n to Summ. J. at 3-4, Dkt. No. 15, citing Quinn v. Green Tree Credit Corp., 159 F.3d 759 (2d Cir. 1998); Beattie v. Farnsworth Middle School, 143 F.Supp.2d 220 (N.D.N.Y. 1998).

9

Even if Berry establishes a prima facie case, defendants reply, they have a legitimate, non-discriminatory reason for filing criminal charges, and Berry fails to establish that said reason is a pretext for discrimination.

Assuming for the sake of argument that Berry can establish a prima facie case of retaliation, the question becomes whether defendants have a legitimate, non-discriminatory reason for filing criminal charges against her, and if so, whether Berry can establish that said reason is merely a pretext for discrimination. The relevant inquiry here is when in fact Ambulance Service became aware of enough information to file criminal charges against Berry. Hime contends, via affidavit, that he first learned of the alleged break-in during trial preparation in January 2005. Berry's proffered evidence to the contrary is the Godfrey affidavit, wherein Godfrey alleges that Hime's secretary told him that Hime knew Berry broke into his office as early as December 2003. It is important to note that "[a]ffidavits submitted in support of or in opposition to a summary judgment motion must 'be made on personal knowledge, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004) (quoting Fed.R.Civ.P. 56(e)) (emphasis added). Here, Godfrey's statement is hearsay, and therefore, inadmissible evidence. As such, the court shall not consider same in opposition to defendants' motion. Accordingly, there being no evidence to support Berry's claim that the criminal charges against her were merely a pretext for discrimination, defendants are entitled to summary judgment as to the retaliation claims against them.

There being an independent basis to grant summary judgment, the court

need not address defendants' argument that Berry released Ambulance Service from liability via the January 2005 general release in settlement of her sexual harassment lawsuit.  However, the court feels constrained to note that while the Court of Appeals for the Second Circuit has never directly dealt with the issue of a prospective release of liability for discrimination claims under Title VII, see Laniok v. Advisory Committee of Brainerd Manufacturing Company Pension Plan, 935 F.2d 1360, 1365 (2d Cir. 1991) ("We do not suggest that [] Title VII protections can be prospectively waived before discrimination occurs."), at least three other circuits have definitively concluded that such a release is unenforceable.  See Richardson v. Sugg, 448 F.3d 1046, 1053 (8th Cir. 2006) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011 (1974)); Adams v. Philip Morris, Inc., 67 F.3d 580, 584 (6th Cir. 1995); Rogers v. General Elec. Co., 781 F.2d 452, 454 (5th Cir. 1986).

Notwithstanding the questionable basis for defendants' alternative argument that Berry prospectively released them from liability as to her present claims, defendants have articulated a legitimate, non-discriminatory reason for the filing of criminal charges against Berry, and therefore, defendants' motion for summary judgment is granted.

**IV.  Conclusion**

It is ORDERED that defendant, Hime's motion to dismiss the Title VII claim against him for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED; and it is further

ORDERED that defendants motion for summary judgment as to all remaining claims pursuant to Fed. R. Civ. P. 56 is GRANTED.

The Clerk of the Court is directed to close this case accordingly.

IT IS SO ORDERED.

DATED:	March 29, 2007
	Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge